S IMPSON  T HACHER  &  B ARTLETT LLP

425 L EXINGTON  A VENUE
N EW  Y ORK , NY 10017-3954
(212) 455-2000

F ACSIMILE  (212) 455-2502

D IRECT  D IAL  N UMBER              E-M AIL  A DDRESS
(212) 455-3136             dwoll@stblaw.com

BY EMAIL             April 23, 2013

Re:     *FHFA v. Deutsche Bank AG, et al.*,
        No. 11 Civ. 6192 (DLC) (S.D.N.Y.)

The Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007-1312

Dear Judge Cote:

       We write on behalf of all Defendants in the Tranche 3 and 4 Actions in response to FHFA's letter to Your Honor dated April 18, 2013, which seeks an order of preclusion against all Tranche 3 and 4 Defendants for what FHFA claims was Defendants' failure to comply with Paragraph 6 of the Court's Supplemental Expert Scheduling Order for Tranches 3 and 4, dated February 27, 2013 ("Supplemental ESO").  Contrary to FHFA's arguments in its April 18 letter, Defendants complied with Paragraph 6 of the Supplemental ESO and no order of preclusion should be issued.[1]

       FHFA does not appear to dispute that in the April 5 disclosures (collectively, the "April 5 Due Diligence Disclosures") each defendant disclosed its intent to present a due diligence defense relating to loans outside of the supporting loan groups ("SLG") for the Securitizations.[2]  In addition, each defendant identified the group of loans upon which that due diligence defense would be based – generally speaking, all loans subject to diligence either as part of a pool of loans acquired by the sponsor prior to securitization, or during the

---

[1]     With the Court's indulgence, this coordinated response exceeds two pages.  The additional length was needed to address both common issues and some defendant-specific issues.  Defendants also respectfully submit that any motion for an order of preclusion should be on full briefing.

[2]     The language of Defendants' Disclosures differs in some respects.  While this letter presents those Disclosures in general terms, Defendants each incorporate their April 5 Due Diligence Disclosures into this letter (including any reservations or objections to the timing of the disclosures or otherwise), and do not by this letter revise the disclosures therein.

SIMPSON THACHER & BARTLETT LLP           -2-                      April 23, 2013

Honorable Denise L. Cote, U.S.D.J.

securitization process.[3]  With respect to the "type of analysis" that each Defendant intends to perform, most Defendants stated that they intend to present evidence pertaining to the historical due diligence-related activities, practices and procedures they followed in performing due diligence on both SLG loans and non-SLG loans.  Indeed, FHFA's April 18 letter states that FHFA is *not* seeking to preclude Defendants from presenting such evidence.[4]  And, most Defendants stated that based on the current record they did not intend to re-underwrite or otherwise conduct a loan-file level analysis of non-SLG loans.[5]

Defendants' April 5 Due Diligence Disclosures also invited FHFA to discuss the contents of the Disclosures and the need, if any, to confer further concerning those Disclosures or to collect loan files as to the non-SLG loans.  Without engaging in any such discussions, FHFA moved to preclude Defendants from asserting certain diligence defenses and has since refused to discuss the issues raised in its April 19 letter with Defendants.  FHFA's complaint appears to be that Defendants should have disclosed in more detail the type of non-re-underwriting analysis they intend to perform on non-SLG loans.  This unspecified additional level of detail was not required by the Supplemental ESO, and would be unwarranted, especially given that fact discovery is still ongoing.  The practical issue that

---

[3]  Defendants have identified or are in the process of identifying all such loans – both within and outside the SLGs – by loan ID number and other reasonably available identifying information, have, where applicable, tied each loan subjected to diligence to the relevant securitization, and have explained whether each such loan was or was not included within an SLG.

[4]  FHFA's April 18, 2013 Ltr. at p. 2, n. 7 (clarifying that the order of preclusion FHFA is requesting "if granted would not prevent Defendants from presenting proof that relates to the entirety of diligenced loan pools, of the type that many Defendants reference: the fact that diligence was performed, the grading processes used and communications exchanged, and the criteria, nature, and results of the diligence performed").

[5]  As FHFA notes, the Deutsche Bank and RBS Securities Inc. ("RBSSI") Defendants did provide lists of non-SLG loans for which they may conduct a loan-file level analysis.  These Defendants also indicated that the listed loans had been subject to loan file reviews during the original due diligence process and had previously been identified to FHFA. Even these lists, however, do not satisfy FHFA, which complains that Deutsche Bank and RBSSI did not sufficiently identify the "methodology" used to select the listed loans.  These sets were not selected by any statistical sampling method and were specifically identified by loan number, borrower name, address and loan amount.  If FHFA had any questions about these Disclosures, it never asked them, despite the fact that both Deutsche Bank and RBSSI in their Disclosures invited FHFA to discuss them and the need, if any, to obtain non-SLG loan files.  Indeed, on a call yesterday, FHFA was once again invited to ask any questions about these Defendants' April 5 Due Diligence Disclosures and once again declined the invitation.

Although HSBC also identified a set of non-SLG loans on which it plans to rely for its due diligence defense, FHFA complains, without further explanation, that this set "consists of many more loans than are in the SLGs in that case."  That complaint is misplaced and irrelevant; for each loan that it intends to rely on for its due diligence defense, HSBC provided FHFA with all of the loan-level information required by the Supplemental ESO.

SIMPSON THACHER & BARTLETT LLP                     -3-                            April 23, 2013

Honorable Denise L. Cote, U.S.D.J.

gave rise to Paragraph 6 in the Supplemental ESO was a concern that the parties may need to obtain loan files for non-SLG loans if Defendants planned to perform loan-file level reviews of non-SLG loan files, such as re-underwriting.[6]  As Your Honor recognized, not all evidence pertaining to a due diligence defense requires a review of loan files at this stage.  *See, e.g.*, Feb. 21 Hr'g Tr. 11:14-19 (noting that with respect to valuation due diligence, for example, "it's less clear to me that we need necessarily to gather the loan files if that's the kind of due diligence that was done.  Sounds like we'd need the loan tapes and some other documents but not necessarily the loan files").  Indeed, Defendants explained the type of evidence they intended to present in far greater detail than actually required under the Supplemental ESO in order to assist FHFA in determining whether to seek loan files and guidelines.  The Supplemental ESO envisioned that this interim disclosure would be the starting point for the parties' meet-and-confer discussions on that issue—discussions that FHFA apparently has no interest in having.

FHFA appears more interested in obtaining an order of preclusion to hinder Defendants' due diligence defenses than in identifying loan files that it may want to collect or re-underwrite in order to respond to that defense, which was the animating purpose for the requirement that Defendants disclose loan-identifying information.  There is no basis for preclusion under the Supplemental ESO or the Federal Rules of Civil Procedure.  *See, e.g.*, *Ward v. The Nat'l Geographic Soc'y*, No. 99 Civ. 12385 (LAK), 2002 WL 27777, at *2 (S.D.N.Y. Jan. 11, 2002) ("[B]ecause 'refusing to admit evidence that was not disclosed in discovery is a drastic remedy,' courts will resort to preclusion only 'in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure'" (*quoting Grdinich v. Bradlees*, 187 F.R.D. 77, 79 (S.D.N.Y. 1999))).  "[I]t is well-recognized that preclusion of expert testimony is a drastic remedy and should be exercised with discretion and caution."  *Disability Advocates, Inc. v. Paterson*, No. 03–CV–3209, 2008 WL 5378365, at *12 (E.D.N.Y. Dec. 22, 2008).  As the Second Circuit has explained, one of the key factors considered in determining whether preclusion is appropriate is whether prejudice was suffered by the opposing party.  *Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.,* 118 F.3d 955, 961 (2d Cir. 1997).  "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses."  *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988).  FHFA has not been prejudiced in any way.  Instead, FHFA has been given the substantial *benefit* of advance disclosures concerning Defendants' due diligence defenses without any obligation to make reciprocal disclosures, and has otherwise been provided with extensive information about loans that were the subject of Defendants' due diligence efforts.  FHFA's application should be denied.

---

[6]   The disclosures in Ally Financial Inc.'s ("AFI") letter exceed the requirements of the Supplemental ESO, which logically refers to the due diligence defense available under Sections 11 and 12 of the Securities Act and not to the knowledge/reasonable care defenses available to AFI under Section 15 (or its Virginia Securities Act analogue).

SIMPSON THACHER & BARTLETT LLP                    -4-                                April 23, 2013

Honorable Denise L. Cote, U.S.D.J.

                                             Respectfully submitted,

                                             */s/ David J. Woll*

                                             David J. Woll

cc:    All counsel of record (*by e-mail*)